OPINION
Appellant, Harry Heym, appeals a decision of the Lake County Court of Common Pleas. Appellant pled guilty to two counts of gross sexual imposition, felonies of the fourth degree, in violation of R.C. 2907.05; and two counts of gross sexual imposition, felonies of the third degree, in violation of R.C. 2907.05. All of the charges stemmed from acts involving appellant's daughter. On March 18, 1996, appellant was sentenced to a total of seven years of incarceration. On November 19, 1999, appellant was found to be a sexual predator pursuant to R.C. Chapter 2950. Appellant timely filed a notice of appeal and now seeks a reversal of the trial court's determination that Ohio's sexual predator laws are valid and can be enforced against him.
Appellant has set forth two assignments of error for our consideration. First, appellant contends that the trial court erred by overruling his objections to the sexual predator hearing. Second, appellant claims that the trial court erred when it adjudicated him to be a sexual predator.
Under appellant's two assignments of error, he raises numerous challenges to the constitutionality of R.C. Chapter 2950. First, he argues that the sexual predator law is an unconstitutional exercise of police powers and violates Section I, Article I of the Ohio Constitution. However, the Supreme Court of Ohio has recently held that R.C. Chapter 2950 does not violate Section I, Article I of the Ohio Constitution as it does not improperly infringe upon a defendant's rights to privacy, the acquisition of property, a favorable reputation, or the ability to pursue an occupation. State v. Williams (2000), 88 Ohio St.3d 513.
Next, appellant submits that R.C. Chapter 2950 is unconstitutional when applied to offenses committed prior to the effective date of the statute. The Supreme Court of Ohio, however, expressly rejected this challenge inState v. Cook (1998), 83 Ohio St.3d 404, wherein the court concluded that the retroactive application of the sexual offender laws was permissible under the Ex Post Facto Clause of the United States Constitution and the Retroactivity Clause of the Ohio Constitution because the scheme served a remedial purpose and was not punitive in nature.
Appellant also claims that R.C. Chapter 2950 is unconstitutionally vague since it compels a court to make a preponderance determination based upon clear and convincing evidence. This argument was also rejected by the Supreme Court of Ohio in Williams, supra, wherein the court held that it was not inherently illogical for the statutory scheme to require a trial court to employ the "clear and convincing" evidential standard in determining whether it is "likely" that a defendant will commit another sexually oriented offense in the future.
Next, appellant asserts that R.C. Chapter 2950 is an unconstitutional bill of attainder because it acts in such a way as to inflict punishment without the benefit of a judicial trial. He also asserts that R.C. Chapter 2950 violates the constitutional prohibition against double jeopardy. Both of these arguments were rejected by the Supreme Court of Ohio in Williams, supra, based upon its conclusion that the registration and notification requirements are merely remedial measures which do not constitute criminal punishment.
Appellant next argues that the notification provisions of R.C. Chapter 2950 violates his right to privacy. The Williams court rejected this argument holding that the sexual offender laws did not improperly impinge upon an offender's natural law right of privacy. Then appellant asserts that R.C. Chapter 2950 constituted cruel and unusual punishment. While the Supreme Court of Ohio has never addressed this specific argument, inCook, supra, the court stated that the imposition of the registration, verification, and notification requirements of the law did not have a punitive effect upon a sexual offender, but were only remedial in nature. In light of this characterization, it has been held that the prohibition against cruel and unusual punishment does not have any application to the sexual offender laws. See State v. Ihle (May 5, 2000), Auglaize App. No. 2-2000-05, unreported; State v. Wheeler (July 28, 2000), Lake App. No. 99-L-095, unreported, at 6.
Finally, the last constitutional claim made by appellant is that R.C. Chapter 2950 violates the state constitution's separation of powers principle. Specifically, appellant contends that the legislature's designation of factors for the court to consider usurps the judiciary's "core function" of deciding what evidence is relevant and material to an issue of fact to be determined in an individual case. This argument was expressly rejected by the Third District Court of Appeals in State v.Barnett (Feb. 8, 2000), Seneca App. No. 13-99-48, unreported. But, see,State v. White (Nov. 5, 1999), Miami App. No. 98-CA-37, unreported. TheBarnett court held that the factors listed in R.C. 2950.09(B)(2) are a non-exhaustive list of guidelines promulgated in an attempt to bring uniformity to the sexual predator classification process. A trial court is not prevented from considering other relevant matters. This is similar to the sentencing guidelines found in Senate Bill 2. We agree with the foregoing opinion.
The last argument raised by appellant is that the trial court erred when it adjudicated him to be a sexual predator. Specifically, appellant contends that if the factors set forth in R.C. 2950.09(B)(2) had been properly considered, the only possible conclusion is that he should not have been adjudicated to be a sexual predator. R.C. 2950.09(B)(2) provides:
 "In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
"(a) The offender's age;
 "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 "(g) Any mental illness or mental disability of the offender;
 "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavior characteristics that contribute to the offender's conduct."
In the case sub judice, at the time of the sexual predator hearing, appellant was fifty-two years old with no prior sexual convictions. The state, however, demonstrated that there was a pattern of abuse. Appellant had been sexually abusing his daughter for a period of approximately six years starting when she was eleven years old and continuing until she was seventeen years old. Evidence was also presented that appellant had an alcohol problem and that he, in fact, blamed his lack of good judgment on alcohol. Yet, despite the fact that appellant had been drinking since the age of eight, he had never sought treatment for his alcohol problem until he was actually incarcerated. Additionally, appellant had a prior criminal record based upon an incident of domestic violence. A review of the record in this case reveals that the trial court considered the factors set forth in the statute, in addition to one factor not included in the statute, namely appellant's alcohol problems, before reaching its conclusion that the state had proven by clear and convincing evidence that appellant should be adjudicated as a sexual predator. The trial court specifically addressed six of the factors set forth in the statute. While it is not required, we note that for future reference it would be most helpful for purposes of appellate review if the trial courts addressed each of the statutory factors in their judgments and commented on the relevance, or lack thereof, that each factor had in reaching the decision. The trial court judge in the instant cause set forth the factors that supported his conclusion that appellant should be labeled a sexual predator. This is good practice and the judge should be commended. However, a brief mention of the remaining factors and why they are or are not relevant would be of great help.
That being said, we are satisfied that the trial court's determination is amply supported by sufficient evidence. The fact that appellant's victim was his own daughter, who was only eleven years old when the pattern of molestation began, demonstrates a total disregard for social prohibitions against both incest and sexual relations with children. Appellant's deviant behavior shows such a disregard for our most basic taboos that the risk of recidivism must be considered great. Accordingly, the trial court's decision to label appellant as a sexual predator will not be disturbed.
Appellant's assignments of error are without merit.
The judgment of the trial court is hereby affirmed.
 _________________________________ WILLIAM M. O'NEILL, JUDGE
FORD, P.J., NADER, J., concur.